SINEONE v. MACCIOCCHI.

1. Trade-Marks and Trade-Names—Unfair Competition.
   Unfair competition, unless intended or apparently accomplished, may not be adjudged before the fact.

2. Same—Secondary Meaning—Appropriation.
   While trade-names may acquire secondary meaning by continued use, appropriation alone accords no secondary meaning to trade-names.

3. SAME—GEOGRAPHICAL NAME—COPYRIGHT.

Use of word "Roma" or "Roman" in connection with "gazosa," beverage well known to Italians, is not subject to copyright or trade-mark with exclusive rights.

4. SAME—CONFUSION OF TRADE-NAMES—INJUNCTION.

Where plaintiffs, marketing beverage under trade-name of "Roma Gazosa," had not been in business long enough to experience actual confusion of their trade-name with "Roman Gazzosa," trade-name used by defendants, plaintiffs are not entitled to enjoin use of said name on ground of confusion.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 11, 1933. (Docket No. 74, Calendar No. 36,555.) Decided May 16, 1933.

Bill by Giovanni Sineone and others against Umberto Macciocchi and another to enjoin alleged unfair competition in the use of a trade-name. Decree for plaintiffs. Defendants appeal. Reversed, and bill dismissed.

*Nicholas V. Olds* (*Miller & Knowles,* of counsel), for plaintiffs.

*Capizzi & Rota* (*Sidney J. Karbel,* of counsel), for defendants.

WIEST, J. Plaintiffs, as copartners, manufacture, advertise, and vend a carbonated beverage under the trade-name of "Roma Gazosa." Defendants, under an assumed name and trade-mark, manufacture, advertise, and vend a similar beverage, terming it "Roman Gazzosa." Claiming prior appropriation of the name and intentional simulation thereof by defendants, plaintiffs filed the bill herein to restrain defendants from unfair competition. Defendants appeal from a decree restraining them from using the term "Roman" in advertising and vending "Gazosa." The court did this under a finding that such constituted unfair competition with

the similar beverage manufactured and vended by plaintiffs.

The parties all came to this country from the vicinity of Rome, Italy, and commenced making and selling the beverage at about the same time. They were friends in Italy and continued to be such in this country until the contention here involved arose.

Gazosa is a carbonated beverage. Unfair competition, unless intended or apparently accomplished, cannot be adjudged before the fact. Trade-names may acquire, by continued use, a secondary meaning. Appropriation alone, however, accords no secondary meaning to a trade-name. Styling a carbonated beverage, long and commonly known as "Gazosa," as "Roman gazzosa" is but employment of a geographical name in connection with a beverage as well known to Italians as ginger ale is to Americans. Gazosa is but gazosa, with or without the prefix Roma or Roman.

No special formula is alleged by plaintiffs. They but manufacture and vend gazosa, and so do defendants, and the situation is like two parties manufacturing ginger ale in Lansing, and both styling it Detroit ginger ale.

At the time the bill was filed, plaintiffs had not been in business long enough to have experienced actual confusion of their trade-name with that of defendants on the part of the public.

The court restrained defendants "from using the word 'Roman' in any way connected with their manufacture, sale, and distribution of a certain beverage known as 'gazosa.'" In an opinion the court stated:

"'Roman' is a geographical name. 'Gazosa' is a Latin common noun name of a type of beverage. * * *

"That neither of these words are subject to copyright or trade-mark with the exclusive rights which follow such designation.

"But that under the jurisdiction of the chancery court, to insure fair trade practices, the plaintiffs by right of priority are entitled to protection by injunctive relief from the use of this combination of words in such a manner as to confuse the consuming public."

We find that neither "Roma" nor "Roman" are words subject to copyright or trade-mark with exclusive rights.

The decree is reversed and the bill dismissed, with costs to defendants.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., did not sit.